1   ALAN H. MacPHERSON (SBN 44286)
    STEVEN M. LEVITAN (SBN 148716)
2   JENNIFER M. LANTZ (SBN 202252)
    INCHAN A. KWON (SBN 247614)
3   MacPHERSON KWOK CHEN & HEID LLP
    2033 Gateway Place, Suite 400
4   San Jose, California  95110
    Phone:  (408) 392-9250
5   Facsimile:  (408) 392-9262

6   Attorneys for Plaintiff and Counterdefendant
    B&H MANUFACTURING COMPANY, INC.

7

    JOHN B. SCHERLING (SBN 122234)
8   SCOTT H. DAVISON  (SBN 228807)
    SUGHRUE MION, PLLC
9   101 West Broadway, Suite 1600
    San Diego, California  92101
10   Phone: (619) 238-3545
    Facsimile: (619) 238-4931

11

    MARC BOLAND (admitted pro hac vice)
12   RAJA SALIBA (admitted pro hac vice)
    BRIAN SHELTON (admitted pro hac vice)
13   2100 Pennsylvania Avenue, N.W.
    Washington, D.C.  20037
14   Phone: (202) 293-7060
    Facsimile: (202) 293-7860

15

    Attorneys for Defendant and Counterclaimant
16   SIDEL, INC.

17              UNITED STATES DISTRICT COURT

18              EASTERN DISTRICT OF CALIFORNIA

19              SACRAMENTO DIVISION

20

| | |
|---|---|
| B&H MANUFACTURING COMPANY, INC., a California corporation doing business as "B & H Labeling Systems", <br><br> Plaintiff, <br><br> vs. <br><br> SIDEL, Inc., a Georgia Corporation, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 2:07-cv-02208 MCE EFB <br><br> [~~PROPOSED~~] STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION |

1    WHEREAS, in the course of pre-trial discovery relating to issues of patent infringement,

2    disclosure will be sought of technical, marketing, personnel, and financial information that

3    contains highly confidential, trade secret, or proprietary information of the parties and non-parties,

4    which said parties or non-parties have taken reasonable steps to maintain as confidential prior to

5    this litigation.  For example, through document requests and interrogatories, the parties will seek

6    discovery from each other in this case that requires the parties to disclose highly confidential

7    technical information concerning technology for applying labels to containers, product operational

8    descriptions, licenses and business relationships with third-parties, detailed product cost, sales,

9    pricing and profitability information, future product development plans, and strategic marketing

10    information;

11    WHEREAS, the parties agree that the disclosures that the parties will request during

12    discovery in this case identified above contains confidential proprietary information that in many

13    cases are protected by trade-secrets and that the parties believe would substantially injure the

14    disclosing party and provide a significant competitive advantage for competitors of the parties, if

15    such competitors, including the non-disclosing parties to this litigation, had access to the

16    confidential proprietary information identified above;

17    WHEREAS, to expedite the flow of pre-trial discovery materials, protect the

18    confidentiality of the trade secret and proprietary technical, marketing, personnel,  financial and

19    other highly confidential business information contained in the documents identified above, ensure

20    that protection is afforded only to materials so entitled, facilitate the prompt resolution of disputes

21    over confidentiality, and eliminate the need for repeated requests that the Court become directly

22    involved in the discovery process;

23    NOW THEREFORE, pursuant to Rule 26 of the Federal Rules of Civil procedure, IT IS

24    HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS

25    ACTION, THROUGH THEIR RESPECTIVE COUNSEL, SUBJECT TO APPROVAL OF THE

26    COURT that this Order for the Protection of Confidential Information ("Protective Order") shall

27    govern the handling of all information, testimony, things or documents filed with the Court or

28    produced or given (either by a party or non-party) as part of discovery in this action ("Covered

**[PROPOSED] STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION –**
**Case No. 2:07-CV-02208 MCE EFB**                                                                          2

1  Matter"). This Protective Order permits the parties, and non-parties, to designate certain material

2  as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter collectively referred to as

3  "Confidential Material"). The party or non-party that makes such a designation shall hereafter be

4  referred to as a "Designating Party."

**DESIGNATION OF DOCUMENTS**

6      1.      CONFIDENTIAL – ATTORNEYS' EYES ONLY Designation.  A party or non-

7  party may designate as "CONFIDENTIAL – ATTORNEYS EYES ONLY" that portion of any

8  Covered Matter that is or contains, reflects or otherwise discloses a trade secret or other highly

9  confidential research, development, commercial, marketing, technical, business, financial,

10  personnel or customer information which contains confidential information which, if disclosed to

11  a competitor, will cause substantial competitive harm which cannot be prevented through the use

12  of less restrictive means.

13     2.      Good Faith Determination.  Prior to designating any Covered Material as

14  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, counsel for the

15  Designating Party shall:

16     a.      make a good faith particularized determination that the particular protection is

17  warranted under Federal Rule of Civil Procedure 26(c); and

18     b.      make a good faith particularized determination that the disclosure directly to the

19  opposing party or its employees will create substantial harm to the Designating Party, and that

20  there is no less restrictive way to prevent such harm.

21     3.      Use of Designations.  The parties shall use the "CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" designation only as appropriate.

23     4.      Appropriate Designations.  Material designated as "CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY" prior to the date hereof, if any, shall be reviewed in accordance

25  with the standards set forth herein to ensure that all designations are appropriate.

**LIMITATIONS ON USE AND DISCLOSURE OF COVERED MATTER**

27     5.      Designation and Marking Confidential Material.  Parties, non-parties, and their

28  counsel shall designate CONFIDENTIAL – ATTORNEYS' EYES ONLY material as follows:

1        a.        In the case of documents that are produced as part of discovery or are responsive to

2   any discovery request, which includes, but is not limited to, responses to interrogatories, requests

3   for production of documents, subpoenas and requests for admission and any attachments or

4   exhibits to any of the foregoing documents referenced in this provision, such documents shall be

5   stamped or otherwise labeled: CONFIDENTIAL – ATTORNEYS' EYES ONLY

6        b.        In the case of depositions, counsel for a party or non-party may designate portions

7   of the transcript (including exhibits) as CONFIDENTIAL – ATTORNEYS' EYES ONLY during

8   the deposition by making a statement to that effect on the record.  Alternatively, within thirty (30)

9   days after receipt of any deposition transcript, counsel for a party or non-party whose Confidential

10  Material was disclosed during the deposition may so designate the appropriate pages of the

11  transcript and serve notice of the designation on counsel of record.  For thirty (30) days after

12  receipt of any deposition transcript, the deposition transcript, including exhibits, shall be deemed

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY.

14       6.        Disclosure of Confidential Material at Deposition.  During any deposition taken in

15  this action at which Confidential Material is disclosed or discussed, any party or non-party may

16  exclude from attendance at the deposition during such disclosure or discussion any person other

17  than the deponent, court reporter, videographer and persons to whom the information and/or

18  documents may be disclosed under the terms of this Protective Order.

19       7.        Challenging Designation of Confidential Material. A party shall not be obligated to

20  challenge the propriety of a CONFIDENTIAL – ATTORNEYS' EYES ONLY designation at the

21  time made, and failure to do so shall not preclude a subsequent challenge.  A party may challenge

22  the designation of Confidential Material only as follows:

23       a.        If at any time any party disagrees with a designation of CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY, that person shall provide written notice of its disagreement to the

25  Designating Party.  The parties shall first try to resolve the dispute on an informal basis.

26       b.        If the dispute cannot be informally resolved within ten (10) days following written

27  notice by the challenging party, the person challenging the designation may request appropriate

28  relief from the Court.

1    8.    Use of Confidential Material.  Each party and all persons bound by the terms of this

2  Protective Order shall use any Confidential Material only in connection with the prosecution or

3  defense of this action, except by written consent of the Designating Party or by order of the Court.

4  CONFIDENTIAL – ATTORNEYS EYES' ONLY information and/or documents may be

5  disclosed or released only to those persons entitled to receive such information and/or documents

6  under this Protective Order.

7    9.    Inadvertent Misdesignation.  Documents will be treated in accordance with their

8  designation under this Protective Order.  However, failure of a party or non-party to designate

9  material CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be deemed or construed to

10  constitute an admission that such material is not confidential or proprietary.  If a party or non-

11  party discovers that it has inadvertently failed properly to designate material as

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY, such party or non-party may promptly

13  designate the material as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

14    10.    Consultations with Counsel Concerning Another Party's or a Non-Party's

15  Confidential Material.  It is understood that counsel for a party may give advice and opinions to

16  his or her client based on his or her evaluation of Confidential Material received by the party,

17  provided that such rendering of advice and opinions shall not reveal the content of Confidential

18  Material to which the recipient of advice or opinions is not otherwise entitled, except by prior

19  written agreement with counsel for the Designating Party.

20    11.    Use of CONFIDENTIAL – ATTORNEYS' EYES ONLY Material.  Information

21  designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to the

22  following persons:

23    a.    The outside attorneys of record of MacPherson Kwok Chen & Heid and Sughrue

24  Mion, PLLC which represent any party in this action, and any paralegal, stenographic, and clerical

25  employees working under the direct supervision of such attorneys, provided, however, that no

26  person who is a party or a director, officer, managing agent, or other employee of a party may be

27  retained as a paralegal, stenographic, or clerical employee within the meaning of this paragraph;

28    b.    Experts (including consultants, investigators, and jury research and analysis

**[PROPOSED] STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION –**
Case No. 2:07-CV-02208 MCE EFB                                5

1   consultants) retained by any party or counsel to any party to assist in this action, but only to the

2   extent necessary to perform such work and provided that such experts, consultants, or

3   investigators shall not be employees of a party and that paragraphs 12 and 13 of this Protective

4   Order are complied with;

5          c.       Personnel of third party vendors engaged by a party or by counsel for a party to

6   assist counsel in (i) the copying, coding, imaging or other management of documents produced in

7   discovery in this litigation or of associated databases; or (ii) in the preparation of demonstrative

8   exhibits or other visual aids for presentation at a hearing or trial; and

9          d.       The Court, Court personnel, court reporters and videographers in connection with

10  this action.

11         12.      Clearance of Consultants and Experts to Receive Confidential Materials.

12         a.       For each expert (including consultants and investigators) to whom any party desires

13  to disclose CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents, such

14  party must first identify in writing to the attorneys for the Designating Party the following

15  information: the expert's full name, professional address, educational background, all present

16  employment and consultancies, all prior full-time employment and consultancies within the last

17  four years, and a list of all cases in which the expert or consultant has testified at a deposition or in

18  court within the last four years.  The party shall also include a copy of the proposed expert or

19  consultant's signed ACKNOWLEDGEMENT attached to this Protective Order indicating that

20  they have read and agree to be bound by the terms of this Protective Order.

21         b.       Counsel for the Designating Party shall have ten (10) calendar days from receipt of

22  such notice and ACKNOWLEDGEMENT to object to disclosure of such CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY information and/or documents to such expert.  Any and all such

24  objections must be made in writing with all such grounds stated with specificity.  The parties shall

25  attempt to resolve such objections informally.  If any objection cannot be resolved within ten (10)

26  calendar days after notice by the objecting party, the party seeking to disclose the

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents to the expert

28  may move the Court for an order allowing the disclosure.  In the event that an objection is made

1  and not resolved between and among the parties, disclosure of the CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY information and/or documents shall not be made except by order of

3  the Court (or to any limited extent upon which the parties may agree).

4         c.      Each expert or consultant must sign a copy of the ACKNOWLEDGEMENT

5  attached to this Protective Order indicating that they have read and agree to be bound by the terms

6  of this Protective Order.

7         13.     Prohibition on Disclosure of Confidential Material to Parties' In-House Counsel.

8  In-house counsel of either party are not permitted to access CONFIDENTIAL – ATTORNEYS'

9  EYES ONLY information and/or documents under this Protective Order (other than that party's

10 own CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents), except by

11 Court order or through obtaining the consent of the Designating Party as outlined below.

12        a.      If any party wishes to disclose to its in-house counsel CONFIDENTIAL –

13 ATTORNEYS' EYES ONLY information and/or documents produced under this Protective Order

14 (other than that party's own CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or

15 documents), then before any such disclosure is made, the party seeking disclosure must provide to

16 the Designating Party the following information, in writing:

17               i.      The identity of the specific CONFIDENTIAL – ATTORNEYS' EYES

18 ONLY information and/or documents the party seeking disclosure wishes to disclose to its in-

19 house counsel;

20               ii.     The identity of the particular in-house attorney(s) to whom the identified

21 CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents are to be

22 disclosed, including all job titles for each such attorney;

23               iii.    A complete description for each identified in-house attorney of all of his/her

24 job responsibilities, and a statement explaining why, under *Brown Bag Software v. Symantec*

25 *Corp.*, 960 F.2d 1465 (9th Cir. 1992), the in-house attorney(s) should be allowed access to the

26 identified CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents,

27 including a statement as to why disclosure of the identified CONFIDENTIAL – ATTORNEYS'

28 EYES ONLY information and/or documents to the in-house attorney(s) is necessary beyond

1  disclosure to outside counsel, and a statement that the in-house attorney(s) is/are not involved in

2  "competitive decisionmaking" at the party seeking disclosure (as applied in *Brown Bag*).

3         b.      Once information is provided pursuant to subpart a. of this paragraph, the

4  procedure outlined in paragraphs 12(b) and 12(c) for disclosure of CONFIDENTIAL –

5  ATTORNEYS' EYES ONLY information and/or documents to experts/consultants shall apply,

6  with the in-house attorney(s) treated as "experts" for the purposes of these paragraphs.

7         c.      In the event any in-house attorney is given access to CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY information and/or documents under the terms of this Protective

9  Order, such in-house attorney shall be subject to and shall abide by the restrictions described in

10  paragraph 25 of this Order, without regard to whether such in-house attorney has been, is, or will

11  at any time be employed by the law firms of MacPherson Kwok Chen & Heid LLP or Sughrue

12  Mion, PLLC.

13         14.      Electronic Computer Code.  If electronic computer code, including source code,

14  object code, verilog, HDL, and/or VHDL code (collectively referred to as "Code"), is designated

15  as "HIGHLY CONFIDENTIAL CODE", it shall be subject to all of the restrictions and conditions

16  applied to material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," plus the

17  following additional restrictions:

18         a.      Code will only be produced on encrypted password protected external drives and/or

19  laptops ("Drives"), encrypted with commercially available encryption software (such as PGP), and

20  read-only so as to be protected from reproduction and modification.  The Code will be produced to

21  and thereafter provided by one of the designated escrow agents listed below.  In the event that

22  either party determines that it requires executable code, this production is without prejudice to

23  such party later requesting production of executable code, with the party to which the request is

24  made reserving its right to object to the production of that executable code.

25         b.      Each party is entitled to a total of three (3) Drives from the other party.

26         c.      No electronic copies of the Code shall be made.

27         d.      Code shall only be reviewed on the Drives using stand-alone, non-networked,

28  computers that are password protected.

1        e.        Absent agreement by the parties, the produced Drives may only reside at the

2   following locations (the "Approved Locations"):  (a) the offices of outside counsel of record for

3   the parties; (b) the NCC Group's independent escrow agent facilities, or another mutually

4   agreeable independent escrow agency, in San Jose, CA; (c) the NCC Group's independent escrow

5   agent facilities, or another mutually agreeable independent escrow agency, in Washington, D.C.

6   The requesting party may specify the location(s) at which the Drives will reside.  More

7   specifically, except as set forth in sub-part (g) of this paragraph or otherwise agreed by the parties,

8   the produced Drives may reside at approved law firm offices each day (including weekend days)

9   during the pendency of this litigation between the hours of 7 am and 11 pm, but must reside in

10  storage at the independent escrow agent's facilities each day (including weekend days) during the

11  pendency of this litigation between the hours of 11 pm and 7 am.  The costs for escrow shall be

12  equally shared by the parties, except that the requesting party shall bear any additional incremental

13  costs the escrow agency may charge for services outside of normal business hours.  The requesting

14  party need not disclose to the producing party which Drives reside at which of the Approved

15  Locations at any given time, or transfers among the Approved Locations.

16       f.        The requesting party may print up to three copies of the Code, and any printed

17  copies shall be designated and marked as "HIGHLY CONFIDENTIAL CODE."  One designated

18  expert for the requesting party may retain one printed copy of the Code or portions thereof at his

19  or her designated home or office location, to be stored when not in use in a locked safe, the

20  combination or password to which is known only to the designated expert and outside counsel for

21  the requesting party.  Notwithstanding the foregoing, the requesting party may make as many

22  copies of the Code or portions of the Code as necessary for use as exhibits in depositions, expert

23  reports, trial and/or other submissions to and/or hearings before the Court.  The requesting party

24  may request additional copies of the Code when necessary, and consent by the producing party

25  will not be unreasonably withheld.

26       g.        The requesting party will provide notice to the producing party, and seek consent,

27  for any proposed transfers of the Drives and/or any printed copies of the Code outside of the

28  Approved Locations.  Notwithstanding the foregoing, if the Drives and/or printed copies are being

**[PROPOSED] STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION –**
**Case No. 2:07-CV-02208 MCE EFB**                                                                                          9

1    transferred for use at a deposition, submission to and/or hearing before the Court, trial preparation

2    site, and/or trial site outside of the Approved Locations, assuming the location where the Drives

3    will reside is provided, consent need not be obtained.    The notice to be provided pursuant to this

4    paragraph need not specify any particular sections or pages of the Code that is to be transferred.

5    The parties agree that they will seek transfer of the Drives only to case-relevant destinations, and

6    the Drives will never reside at adverse party or competitor business locations.  All other provisions

7    of this Paragraph 14 and the protective order will be complied with at all times, even if notice of

8    transfer or movement is not required.

9          h.       Each party must return the Drives and any paper copies of the Code to the

10    producing party following the conclusion of the litigation.

11          15.      Records of Persons With Access to Confidential Materials and Use Limits.  The

12    persons described in paragraph 11(b) shall be allowed access to the Confidential Material only

13    after they have read this Protective Order and signed a copy of the attached

14    ACKNOWLEDGEMENT.  The undersigned counsel shall maintain a list of persons to whom

15    Confidential Material is disclosed, and such list shall be available for inspection by the Court.  The

16    persons receiving Confidential Material are enjoined from disclosing it to any other person, except

17    as permitted by this Protective Order, and are further enjoined from using such material for any

18    purpose other than the prosecution or defense of this action, except by consent of the Designating

19    Party or by order of the Court.

20          16.      Submission to Court's Jurisdiction.  Each individual who receives any Confidential

21    Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any

22    proceedings relating to performance under, compliance with, or violation of this Protective Order.

23          17.      Submission of Confidential Material to the Court.  Where a party seeks to submit

24    documents to the Court which have been designated as Confidential Material by another party or a

25    non-party, and if the parties are unable to reach a stipulation, the submitting party shall file and

26    serve a motion to file such documents under seal in accordance with the pre-filing requirements of

27    Gen. L.R. 39-141.  Where a party seeks to submit documents to the Court which have been

28    designated as Confidential Material by the submitting party, the submitting party may, in its

1  discretion, bring a motion to file such documents under seal in accordance with Gen. L.R. 39-141.

2  Where a submitting party intentionally declines to seek an order sealing documents submitted to

3  the Court containing its own Confidential Material, the submitted material will no longer qualify

4  for protection and subsequent treatment as Confidential Material under this Protective Order.

5         18.     Use of Confidential Materials During Court Proceedings.  In the event that any

6  Confidential Material is used in any Court pre-trial proceeding in this litigation (including but not

7  limited to conferences, oral arguments, or hearings), the Confidential Material shall not lose its

8  status as Confidential Material through such use, and the Designating Party, upon prior

9  notification by the party intending to use Confidential Material of the Designating Party in such

10  pre-trial proceeding, shall take all steps reasonably required to protect the confidentiality of the

11  Confidential Material during such use, including, but not limited to, requesting in camera

12  proceedings.  The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply

13  to the use of documents at trial.  The parties agree to meet and confer in good faith prior to trial to

14  establish procedures for the use of Confidential Material at trial.

15         19.     Protecting Confidential Material.  Any person who receives any Confidential

16  Material shall maintain such material in a secure and safe area and shall exercise due and proper

17  care with respect to the storage, custody, use, and/or dissemination of such material.

18         20.     Improper Disclosure of Confidential Materials.  If any Confidential Material is

19  disclosed to any person other than in a manner authorized by this Protective Order, the party

20  responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the

21  disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure

22  that, after due diligence and prompt investigation, are known to the party responsible for the

23  disclosure or knowledgeable of the disclosure (including the name, address and employer of the

24  person to whom the disclosure was made), and shall immediately make all reasonable efforts to

25  prevent further disclosure by each unauthorized person who received such information.

26         21.     Non-Restricted Uses of Covered Materials.  Nothing in this Protective Order shall

27  preclude a party or its attorneys from:

28         a.      Showing a document designated as CONFIDENTIAL – ATTORNEYS' EYES

**[PROPOSED] STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION –**
**Case No. 2:07-CV-02208 MCE EFB**                                                                                    11

1    ONLY to an individual identified by the document or by sworn testimony as having prepared,

2    received or reviewed the document prior to the filing of the action in which it was produced or

3    prior to the document being so designated;

4         b.     Showing a document produced in discovery by a Designating Party to a director,

5    officer, managing agent or employee of the Designating Party during the questioning of such

6    person in a deposition, hearing or trial in this litigation;

7         c.     Using or disclosing, in any manner or for any purpose, any information or

8    documents obtained other than through discovery in this action, even though the same information

9    or documents may have been produced in discovery in this litigation and designated

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY; or

11        d.     Disclosing or using for any purpose any information or documents from the party's

12   own files which the party itself has designated as CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY.

14        22.    Production of Protected Material.  In the event that information in the possession or

15   control of a party involves the confidentiality rights of a non-party or its disclosure would violate a

16   Protective Order issued in another action, the party with possession or control of the information

17   will in good faith attempt to obtain the consent of the non-party to disclose the information under

18   this Order.  If the consent of the non-party cannot be obtained, the party will notify the party

19   seeking discovery of:

20        a.     The existence of the information without producing such information and;

21        b.     The identity of the non-party (provided, however, that such disclosure of the

22   identity of the non-party does not violate any confidentiality obligations).

23        The party seeking discovery may then make further application to the non-party or seek an

24   order from the appropriate Court compelling production of the protected material.

25        23.    Non-Party Production Under This Protective Order.  Non-parties may provide or

26   otherwise disclose Confidential Material pursuant to the terms of this Protective Order by

27   executing the attached ACKNOWLEDGEMENT.  Once a non-party has executed the

28   ACKNOWLEDGEMENT, such non-party shall be entitled to the remedies and relief provided by

**[PROPOSED] STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION –**
**Case No. 2:07-CV-02208 MCE EFB**                                                                                    12

1    this Protective Order.

2          24.      Disposition of Confidential Material After Trial.  Unless otherwise agreed to by the

3    parties or by order of the Court, within ninety (90) days of the final resolution of this action and of

4    any and all appeals of this action, all Confidential Material, and all copies thereof, shall be (1)

5    upon request, returned to the party that produced it, or (2) destroyed.  However, counsel of record

6    for the parties may continue to maintain for their files a copy of any motion, brief, affidavit, expert

7    report, discovery response, trial exhibit, and/or memoranda, which contains Confidential Material

8    within the document or as an exhibit thereto.  Counsel for the parties shall certify in writing that

9    they have complied with this paragraph.

10         25.      Patent Prosecution Restriction.

11         a.       For a period ending one (1) year after a final determination on the merits of this

12   litigation, or earlier termination wherein a final order has issued that is no longer subject to appeal,

13   no member or employee of the law firms of MacPherson, Kwok, Chen & Heid LLP or Sughrue

14   Mion, PLLC who has reviewed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

15   produced by an opposing party in connection with this litigation shall hereafter, directly or

16   indirectly, engage or assist in or discuss or communicate regarding the prosecution of any patent

17   applications on behalf of Plaintiff or Defendant or any other person or entity involving:

18              i.       a turret type labeling apparatus (whether computer-controlled or not); or

19              ii.      labeling apparatus components specifically designed to be used solely with

20   a turret type labeling apparatus.

21         b.       For a period ending one (1) year after a final determination on the merits of this

22   litigation, or earlier termination wherein a final order has issued that is no longer subject to appeal,

23   no member or employee of the law firms of MacPherson, Kwok, Chen & Heid LLP or Sughrue

24   Mion, PLLC who has reviewed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

25   produced by an opposing party in connection with this litigation shall, at any time, directly or

26   indirectly, disclose or discuss any of that information to or with any member or employee of their

27   firm engaged in the prosecution of patent applications on behalf of Plaintiff or Defendant or any

28   other person or entity involving:

1            i.        a turret type labeling apparatus (whether computer-controlled or not); or

2            ii.       labeling apparatus components specifically designed to be used solely with

3 a turret type labeling apparatus.

4        Each law firm shall take appropriate measures to prevent such disclosure.

5        26.      Objections to Discovery Not Covered.  This Protective Order is not intended to

6 address discovery objections to produce, answer, or respond on the grounds of attorney-client

7 privilege or work product immunity, or to preclude either party from seeking further relief or

8 protective orders from the Court as may be appropriate under the Federal Rules of Civil

9 Procedure.

10        27.      Survival.  Except as specifically provided herein, the terms, conditions, and

11 limitations of this Protective Order may survive the termination of this action.

12        28.      Modification of Protective Order.  This Protective Order is without prejudice to the

13 right of any party or non-party to seek further protection and/or relief from the Court, upon good

14 cause shown, with respect to any of the provisions hereof.

15        29.      Agreement Pending Entry.  The parties agree to be bound by the terms of this

16 Protective Order pending its entry by the Court.

17

18

19

20

21

22

23

24

25

26

27

28

1

2  MACPHERSON KWOK CHEN & HEID LLP        SUGHRUE MION PLLC

3

4  By _____/s/ Steven M. Levitan_____        By _____/s/ John B. Scherling_____
        Steven M. Levitan                                    John B. Scherling
        Attorneys for Plaintiff and                          Attorneys for Defendant and
5       Counterdefendant                                     Counterclaimant
        B&H MANUFACTURING COMPANY,                           SIDEL, INC.
6       INC.

                                                      *I, Steven M. Levitan, attest that*
7                                                     *concurrence in the filing of the above*
                                                      *stipulation has been obtained from John*
8                                                     *B. Scherling, counsel for Sidel, Inc.*

9

10

11

12  IT IS SO ORDERED, this ____26th____ day of _____September_____, 2008.

13

14                                          ~~UNITED STATES DISTRICT JUDGE~~
                                            Edmund F. Brennan, U.S. Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ACKNOWLEDGEMENT**

2

B&H Manufacturing Company, Inc. v. Sidel, Inc.
United States District Court for the Eastern District of California
3
Case No. 2:07-CV-02208 MCE EFB

4

5       I , _____, hereby acknowledge that I have

6    read and understand the provisions of the attached Stipulation and Order for Protection of

7    Confidential Information ("Protective Order") entered by the Court in the above-captioned matter

8    with respect to the non-disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY

9    information and/or documents, and I agree to abide by and be bound by its terms.  I will not reveal

10   the Confidential Material to anyone, except as allowed by the Protective Order.  I will maintain all

11   Confidential Material, including copies, notes, or other transcriptions made therefrom, in a secure

12   manner to prevent unauthorized access to it.  No later than ninety (90) days after the conclusion of

13   this action, I will return the Confidential Material to the counsel who provided me with the

14   Confidential Material.  I hereby submit to the jurisdiction of the United States District Court for

15   the Eastern District of California for the purpose of enforcing the Protective Order, and this

16   Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

17

18   Executed on _____

19

20                                          By: _____

21

22

23

24

25

26

27

28

**[PROPOSED] STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION –**
**Case No. 2:07-CV-02208 MCE EFB**                                                                                      16