UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

B&H MANUFACTURING COMPANY, INC., a California corporation doing business as "B&H Labeling Systems",

    Plaintiff,

  v.

SIDEL, INC., a Georgia corporation,

    Defendant.

No. 2:07-cv-02208-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff B&H Manufacturing Co., Inc. ("Plaintiff"), filed this action seeking monetary and injunctive relief for the alleged infringement of various of its patents. On December 31, 2008, Plaintiff filed the instant Motion to Amend its Complaint requesting leave to name several new defendants. Good cause having been shown, Plaintiff's motion is GRANTED.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

On February 4, 2008, Plaintiff served its Complaint upon Sidel, Inc. ("Defendant"). On June 16, 2008, pursuant to Federal Rule of Civil Procedure 16(b), the Court issued a pretrial scheduling order ("PTSO") stating, "[No] joinder of parties or amendments to the pleadings is permitted without leave of the court, good cause having been shown." Pretrial (Status) Scheduling Order, 1:26-27 (June 16, 2008). Through that Order, the Court directed all discovery to be completed by April 3, 2009, with dispositive motions to be heard by August 3, 2009. The Court also scheduled the final pretrial conference and the trial for December 18, 2009, and February 1, 2010, respectively.

On May 28, 2008, Plaintiff served Defendant with its first set of discovery requests seeking documents demonstrating "the relationship between Sidel and its parents, subsidiaries and affiliates." Declaration of Inchon Kwon ("Kwon Decl."), Ex. C, 11:9. In response, over the course of four months, Defendant produced 113,208 pages of documents, none of which pertained to Defendant's relationships with its corporate affiliates.

By November 20, 2008, Plaintiff had reviewed those documents and found mention of various of those affiliates among purchase orders and sales proposals. Accordingly, Plaintiff concluded that the entities it now seeks to add were also responsible for selling the accused products in the United States.

///
///
///

Plaintiff subsequently attempted to obtain a stipulation to amend the Complaint adding those entities. When Defendant's agreement to such a stipulation was not forthcoming, Plaintiff promptly filed the instant motion.

Since then, the parties stipulated to, and the Court subsequently ordered, an extension of the discovery cut-off from April 3, 2009, to July 10, 2009, and an extension of the August 3, 2009, deadline for hearing dispositive motions to October 5, 2009.

**ANALYSIS**

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(d). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Id. at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id., quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).

"Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

"[T]o demonstrate diligence...the movant may be required to show the following: (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order, (2) that [its] noncompliance with a Rule 16 deadline occurred notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen at the time of the Rule 16 scheduling conference, and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal 1999) (internal citations omitted).

Plaintiff has established the diligence necessary to support an order granting leave to amend. First, Plaintiff fulfilled its duty to assist the Court in fashioning the applicable PTSO, and at the time the PTSO issued, Plaintiff was unaware of the need to add additional parties. Next, the need to add the affiliated entities did not become apparent until requested documents had been produced. Thus, at the time the PTSO issued, Plaintiff could not have foreseen the need to add the absent entities.

///
///

Moreover, though Defendant began to produce documents four months prior to the bringing of this Motion, Plaintiff sought the instant amendment promptly after ascertaining the need to do so based on information gleaned from its review of over 100,000 pages of documents. Accordingly, this Court finds amendment proper.

Additionally, there is no indication that Defendant will be unduly prejudiced by the addition of these related entities. Not only are all of the entities affiliates of Defendant, but this request comes well in advance of the July 10, 2009, discovery deadline, the October 5, 2009, deadline for hearing dispositive motions and the final pretrial conference date of December 18, 2009. Therefore, no prejudice to Defendant alters the Court's analysis.

Finally, "after the moving party has demonstrated diligence under Rule 16,...the court appl[ies] the standard under Rule 15 to determine whether the amendment was proper." Hood v. Hartford Life & Accident Insurance Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008). Pursuant to Federal Rule of Civil Procedure 15(a), a court should freely give leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). No futility having been alleged, Plaintiff's Motion to Amend is granted.

**CONCLUSION**

Accordingly, good cause having been shown, and there being no allegation of futility, Plaintiff's Motion to Amend the Complaint is GRANTED.

IT IS SO ORDERED.

Dated: March 9, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE