UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&H MANUFACTURING COMPANY, INC., a California corporation doing business as B&H LABELING SYSTEMS, | No. 2:07-cv-02208-MCE-EFB |
| Plaintiff, | AMENDED PRETRIAL SCHEDULING ORDER |
| v. | |
| SIDEL GROUP, a French corporation, et al., | |
| Defendants. | |
| _____/ | |

Pursuant to the Court's Order of June 16, 2009, granting the parties' request to amend the Scheduling Order, the Court makes the following Amended Pretrial Scheduling Order.

I.   <u>SERVICE OF PROCESS</u>

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.   <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

1

1    III. <u>JURISDICTION/VENUE</u>

2    Jurisdiction is predicated upon 28 U.S.C. section 1338(a).

3    Jurisdiction and venue are not contested.

4    IV.  <u>MARKMAN HEARING</u>

5    A <u>Markman</u> claim construction hearing is set for **January 7,**

6    **2010** at **2:00 p.m.**   The parties shall simultaneously file their

7    claim construction briefs not later than **November 16, 2009.**

8    Replies, if any, shall be filed not later than **December 11, 2009.**

9    The parties are each permitted to make one (1) expert witness

10   available for the Court to examine, if necessary. The hearing

11   shall last no longer than three (3) hours unless otherwise

12   directed by the Court.

13   V.   <u>DISCOVERY</u>

14   All discovery, with the exception of expert discovery, shall

15   be completed by **June 25, 2010.**   In this context, "completed"

16   means that all discovery shall have been conducted so that all

17   depositions have been taken and any disputes relative to

18   discovery shall have been resolved by appropriate order if

19   necessary and, where discovery has been ordered, the order has

20   been obeyed.   All motions to compel discovery must be noticed on

21   the magistrate judge's calendar in accordance with the local

22   rules of this Court.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    VI.   <u>DISCLOSURE OF EXPERT WITNESSES</u>

2         All counsel are to designate in writing, file with the

3    Court, and serve upon all other parties the name, address, and

4    area of expertise of each expert that they propose to tender at

5    trial not later than **July 9, 2010.**[1]  The designation shall be

6    accompanied by a written report prepared and signed by the

7    witness.  The report shall comply with Fed. R. Civ. P.

8    26(a)(2)(B).

9         Within twenty (20) days after the designation of expert

10   witnesses, any party may designate a supplemental list of expert

11   witnesses who will express an opinion on a subject covered by an

12   expert designated by an adverse party.  The right to designate a

13   supplemental expert for rebuttal purposes only shall apply to a

14   party who has not previously disclosed an expert witness on the

15   date set for expert witness disclosure by this Pretrial

16   Scheduling Order.

17        Failure of a party to comply with the disclosure schedule as

18   set forth above in all likelihood will preclude that party from

19   calling the expert witness at the time of trial.  An expert

20   witness not appearing on the designation will not be permitted to

21   testify unless the party offering the witness demonstrates:

22   ///

23   ///

24   ///

25   ///

26   ───────────────

27        [1] The discovery of experts will include whether any motions
     based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S.
     579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167
28   (1999) are anticipated.

1  (a) that the necessity for the witness could not have been

2  reasonably anticipated at the time the list was proffered;

3  (b) that the Court and opposing counsel were promptly notified

4  upon discovery of the witness; and (c) that the witness was

5  promptly made available for deposition.

6      For purposes of this Pretrial Scheduling Order, an "expert"

7  is any person who my be used at trial to present evidence under

8  Rules 702, 703, and 705 of the Federal Rules of Evidence, which

9  include both "percipient experts" (persons who, because of their

10 expertise, have rendered expert opinions in the normal course of

11 their work duties or observations pertinent to the issues in the

12 case) and "retained experts" (persons specifically designated by

13 a party to be a testifying expert for the purposes of

14 litigation).

15     Each party shall identify whether a disclosed expert is

16 percipient, retained, or both.  It will be assumed that a party

17 designating a retained expert has acquired the express permission

18 of the witness to be so listed.  Parties designating percipient

19 experts must state in the designation who is responsible for

20 arranging the deposition of such persons.

21     All experts designated are to be fully prepared at the time

22 of designation to render an informed opinion, and give their

23 bases for their opinion, so that they will be able to give full

24 and complete testimony at any deposition taken by the opposing

25 party.  Experts will not be permitted to testify at the trial as

26 to any information gathered or evaluated, or opinion formed,

27 after deposition taken subsequent to designation.

28 ///

1    Counsel are instructed to complete all discovery of expert
2    witnesses in a timely manner in order to comply with the Court's
3    deadline for filing dispositive motions.

4    VII. <u>MOTION HEARING SCHEDULE</u>

5    All dispositive motions, except motions for continuances,
6    temporary restraining orders or other emergency applications,
7    shall be heard <u>no</u> <u>later</u> <u>than</u> **October 4, 2010.**  The parties are
8    responsible for ensuring that all motions are filed to allow for
9    proper notice of the hearing under the Federal Rules of Civil
10   Procedure and/or Local Rules.  Available hearing dates may be
11   obtained by calling Stephanie Deutsch, Courtroom Deputy Clerk, at
12   (916) 930-4207.

13   All purely legal issues are to be resolved by timely
14   pretrial motions.  Local Rule 78-230 governs the calendaring and
15   procedures of civil motions with the following additions:

16        (a)   The opposition and reply must be filed by
17              **4:00 p.m.** on the day due; and
18        (b)   When the last day for filing an opposition brief
19              falls on a legal holiday, the opposition brief
20              shall be filed on the last court day immediately
21              preceding the legal holiday.

22   Failure to comply with Local Rule 78-230(c), as modified by
23   this Order, may be deemed consent to the motion and the Court may
24   dispose of the motion summarily.

25   ///
26   ///
27   ///
28   ///

5

1   Further, failure to timely oppose a summary judgment motion[2] may

2   result in the granting of that motion if the movant shifts the

3   burden to the nonmovant to demonstrate that a genuine issue of

4   material fact remains for trial.

5       The Court places a page limit of twenty (20) pages on all

6   initial moving papers, twenty (20) pages on oppositions, and ten

7   (10) pages for replies.  All requests for page limit increases

8   must be made in writing to the Court setting forth any and all

9   reasons for any increase in page limit at least fourteen (14)

10  days prior to the filing of the motion.

11      For the Court's convenience, citations to Supreme Court

12  cases should include parallel citations to the Supreme Court

13  Reporter.

14      The parties are reminded that a motion <u>in</u> <u>limine</u> is a

15  pretrial procedural device designed to address the admissibility

16  of evidence.  The Court will look with disfavor upon

17  dispositional motions presented at the Final Pretrial Conference

18  or at trial in the guise of motions <u>in</u> <u>limine</u>.

19      The parties are cautioned that failure to raise a

20  dispositive legal issue that could have been tendered to the

21  court by proper pretrial motion prior to the dispositive motion

22  cut-off date may constitute waiver of such issue.

23  ///

24  ///

25  ///

26

27      [2] The Court urges any party that contemplates bringing a
    motion for summary judgment or who must oppose a motion for
28  summary judgment to review Local Rule 56-260.

1        VIII.      <u>FINAL PRETRIAL CONFERENCE</u>

2        The Final Pretrial Conference is set for **February 17, 2011**

3    at **2:00 p.m.**  At least one of the attorneys who will conduct the

4    trial for each of the parties shall attend the Final Pretrial

5    Conference.  If by reason of illness or other unavoidable

6    circumstance a trial attorney is unable to attend, the attorney

7    who attends in place of the trial attorney shall have equal

8    familiarity with the case and equal authorization to make

9    commitments on behalf of the client.

10        Counsel for all parties are to be fully prepared for trial

11    at the time of the Final Pretrial Conference, with no matters

12    remaining to be accomplished except production of witnesses for

13    oral testimony.

14        The parties shall file, not later than **January 27, 2011,** a

15    Joint Final Pretrial Conference Statement.  The provisions of

16    Local Rules 16-281 shall apply with respect to the matters to be

17    included in the Joint Final Pretrial Conference Statement.  In

18    addition to those subjects listed in Local Rule 16-281(b), the

19    parties are to provide the Court with a plain, concise statement

20    that identifies every non-discovery motion tendered to the Court

21    and its resolution.  Failure to comply with Local Rule 16-281, as

22    modified by this Pretrial Scheduling Order, may be grounds for

23    sanctions.

24    ///

25    ///

26    ///

27    ///

28    ///

7

1     At the time of filing the Joint Final Pretrial Conference

2  Statement, counsel shall also electronically mail to the Court in

3  digital format compatible with Microsoft Word or WordPerfect, the

4  Joint Final Pretrial Conference Statement in its entirety

5  including the witness and exhibit lists.  **These documents shall**

6  **be sent to: mceorders@caed.uscourts.gov.**

7     The parties should identify first the core undisputed facts

8  relevant to all claims.  The parties should then, in a concise

9  manner*,* identify those undisputed core facts that are relevant to

10  each claim.  The disputed facts should be identified in the same

11  manner.  Where the parties are unable to agree as to what

12  disputed facts are properly before the Court for trial, they

13  should nevertheless list all disputed facts asserted by each

14  party.  Each disputed fact or undisputed fact should be

15  separately numbered or lettered.

16     Each party shall identify and concisely list each disputed

17  evidentiary issue which will be the subject of a motion in

18  limine.

19     Each party shall identify the points of law which concisely

20  describe the legal issues of the trial which will be discussed in

21  the parties' respective trial briefs.  Points of law should

22  reflect issues derived from the core undisputed and disputed

23  facts.  Parties shall not include argument or authorities with

24  any point of law.

25     The parties shall prepare a joint statement of the case in

26  plain concise language which will be read to the jury at the

27  beginning of the trial.  The purpose of the joint statement is to

28  inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiff and Defendants' offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is _first_ _identified_.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

1   The Final Pretrial Order will contain a stringent standard

2   for the offering at trial of witnesses and exhibits not listed in

3   the Final Pretrial Order, and the parties are cautioned that the

4   standard will be strictly applied.  On the other hand, the

5   listing of exhibits or witnesses that a party does not intend to

6   offer will be viewed as an abuse of the court's processes.

7       The parties also are reminded that pursuant to Rule 16 of

8   the Federal Rules of Civil Procedure it will be their duty at the

9   Final Pretrial Conference to aid the Court in: (a) the

10  formulation and simplification of issues and the elimination of

11  frivolous claims or defenses; (b) the settling of facts that

12  should properly be admitted; and (c) the avoidance of unnecessary

13  proof and cumulative evidence.  Counsel must cooperatively

14  prepare the Joint Final Pretrial Conference Statement and

15  participate in good faith at the Final Pretrial Conference with

16  these aims in mind.  A failure to do so may result in the

17  imposition of sanctions which may include monetary sanctions,

18  orders precluding proof, elimination of claims or defenses, or

19  such other sanctions as the Court deems appropriate.

20      IX.  <u>TRIAL BRIEFS</u>

21      The parties shall file trial briefs not later than

22  **February 3, 2011** by **4:00 p.m.**  Counsel are directed to Local

23  Rule 16-285 regarding the content of trial briefs.

24  ///

25  ///

26  ///

27  ///

28  ///

10

1      X.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

2          Any evidentiary or procedural motions are to be filed by

3  **January 27, 2011.**  Oppositions must be filed by **February 3, 2011**

4  and any reply must be filed by **February 10, 2011.**  The motions

5  will be heard by the Court at the same time as the Final Pretrial

6  Conference.

7      XI.   TRIAL SETTING

8          The trial is set for **April 18, 2011 at 9:00 a.m.**  Trial will

9  be by jury.  The panel will consist of **eight (8) jurors.**  The

10 parties estimate a trial length of **seven (7) days.**

11     XII. SETTLEMENT CONFERENCE

12         At the Final Pretrial Conference, the Court may set a

13 settlement conference if the parties so request.  In the event no

14 settlement conference is requested, the parties are free to

15 continue to mediate or attempt to settle the case with the

16 understanding that the trial date is a firm date.

17         In the event a settlement conference is set by the Court,

18 counsel are instructed to have a principal with full settlement

19 authority present at the Settlement Conference or to be fully

20 authorized to settle the matter on any terms.  At least seven (7)

21 calendar days before the settlement conference, counsel for each

22 party shall submit to the chambers of the settlement judge a

23 confidential Settlement Conference Statement.  Such statements

24 are neither to be filed with the Clerk nor served on opposing

25 counsel.  Each party, however, shall serve notice on all other

26 parties that the statement has been submitted.  If the settlement

27 judge is not the trial judge, the Settlement Conference Statement

28 shall not be disclosed to the trial judge.

11

1   Notwithstanding the foregoing, the parties may request a
2   settlement conference prior to the Final Pretrial Conference if
3   they feel it would lead to the possible resolution of the case.
4   In the event an early settlement conference date is requested,
5   the parties shall file said request jointly, in writing.  The
6   request must state whether the parties waive disqualification,
7   pursuant to Local Rule 16-270(b), before a settlement judge can
8   be assigned to the case.  Absent the parties' affirmatively
9   requesting that the assigned Judge or Magistrate Judge
10  participate in the settlement conference AND waiver, pursuant to
11  Local Rule 16-270(b), a settlement judge will be randomly
12  assigned to the case.

13          XIII.    <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

14          Pursuant to Local Rule 16-271 parties will need to lodge a
15  stipulation and proposed order requesting referral to the
16  Voluntary Dispute Resolution Program.

17          XIV.    <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

18          The parties are reminded that pursuant to Rule 16(b) of the
19  Federal Rules of Civil Procedure, the Pretrial Scheduling Order
20  shall not be modified except by leave of court upon a showing of
21  **good cause.**  Agreement by the parties pursuant to stipulation
22  alone to modify the Pretrial Scheduling Order does not constitute
23  good cause.  Except in extraordinary circumstances,
24  unavailability of witnesses or counsel will not constitute good
25  cause.
26  ///
27  ///
28  ///

1    XV.   <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

2         This Pretrial Scheduling Order will become final without

3    further order of the Court unless objections are filed within

4    seven (7) *court* days of service of this Order.

5         IT IS SO ORDERED.

6
     Dated: July 1, 2009
7

8                                    _____

9                                    MORRISON C. ENGLAND, JR.
                                     UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     13