UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

B&H MANUFACTURING CO., INC.,
A California corporation
doing business as
"B&H Labeling Systems,"

       Plaintiff,

  v.

SIDEL S.A.S., a French corporation, SIDEL S.p.A. An Italian corporation, SIDEL CANADA, INC., a Canadian corporation, and SIDEL, INC., a Georgia corporation,

       Defendants.
_____

    AND RELATED COUNTERCLAIMS.
_____

No. 2:07-cv-02208-MCE-EFB

**ORDER**

----oo0oo----

1

On or about October 14, 2009, Defendants and Counterclaim Plaintiffs Sidel Participations, Sidel S.p.A, Sidel Canada, Inc. and Sidel, Inc. (hereinafter collectively referred to as "Sidel" unless otherwise noted) lodged for filing under seal their Motion for Summary Judgment, which requests that the Court rule in their favor on this patent infringement lawsuit as a matter of law.  On October 16, 2009, the Sidel Defendants filed an ex parte application requesting that the Court stay its schedule for a claims construction hearing, which had been set for January 7, 2010 by the Amended Pretrial Scheduling Order filed July 1, 2009, in order to permit their summary judgment motion to be heard before any claims construction hearing.  Also on October 16, 2009, Plaintiff filed its own ex parte application asking that the Court do just the opposite: defer considering any summary judgment request until after completion of the claims construction process.  The Court now considers both those requests.

It is within the Court's discretion to entertain summary judgment, even before a claims construction hearing is held. Berger v. Rossignol Ski Co., Inc., 2006 WL 708943 at *2 (N.D. Cal. 2006), citing Markman v. Westview Instruments, Inc., 52 F.3d 967, 981 (Fed. Cir. 1995( (en banc).  At the same time, the more common procedure is to interpret the claim first, then determine whether infringement occurred by way of, for example, summary judgment.  See Research Plastics, Inc. v. Fed. Pack. Corp. 421 F.3d 1290, 1295 (Fed. Cir. 2005).

///
///

In the present case, Plaintiff asserts that certain of the Sidel Defendants have only recently appeared in this lawsuit, and that consequently necessary discovery has not yet been completed. Plaintiff further asserts that pending a mediation presently scheduled in this matter on November 20, 2009, the parties have agreed to postpone discovery, including the depositions of two experts utilized by Sidel in their motion for summary judgment. Plaintiff argues that permitting the motion to proceed absent those depositions also deprives them of discovery needed to oppose the motion.

Given what appears to be a legitimate need for additional discovery, as well as the timing of mediation in this case, in exercising its discretion the Court finds this matter will be most expeditiously addressed by allowing claims construction to occur first, so that both mediation can occur and any needed discovery can be completed prior to adjudicating any party's request for summary judgment. Consequently Plaintiff's Ex Parte Application to Continue Motions for Summary Judgment (Docket No. 128) is GRANTED, and the Sidel's Ex Parte Application to Stay Claim Construction Schedule (Docket No. 132) is DENIED.

The hearing on Sidel's Motion for Summary Judgment, which had been set for November 12, 2009, is accordingly vacated, subject to renotice after the claim construction process has been concluded.  Moreover, in order to permit the mediation process to occur prior to any briefing on claim construction, simultaneous claim construction briefs shall be submitted by the parties not later than December 18, 2009.  Replies, if any, shall be filed not later than January 15, 2010.

The Markman claim construction hearing shall be heard on Friday, February 5, 2010 at 9:00 a.m.  The Court's Amended Pretrial Scheduling Order is hereby further amended to reflect these continued dates.

    IT IS SO ORDERED.

Dated: November 6, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4